IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAJESH PATEL, CHARULATA PATEL, ROBERT MURPHY, and GEORGIA MURPHY,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>TRICIA A. CALLIES, RANDALL CALLIES, and AURORESKY INVESTMENTS, LLC,<br><br>　　　　　Defendants. | Case No. CV-07-474-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to expunge lis pendens filed by the Callies. The Court heard oral argument on January 10, 2008, and ruled from the bench that the motion would be denied. The Court's reasoning is set out in more detail below.

## FACTUAL BACKGROUND

Plaintiffs were induced by the Callies to invest $250,000 in a real estate development project on land owned by the Callies. The plaintiffs entered into a partnership with the Callies, and the land was supposed to be transferred by the Callies into a new limited liability company (LLC) called Auroresky Investments. Plaintiffs allege that the parties agreed that any cost overrun on the development

**Memorandum Decision and Order – Page 1**

would be borne entirely by the Callies.  Ms. Callies was the managing partner of the partnership and the Manager of the LLC.

Plaintiffs allege that after the development was complete, the Callies demanded that plaintiffs pay for cost overruns.  In addition, plaintiffs allege that they discovered that many of the Callies' representations that had induced plaintiffs to invest were fraudulent.  Finally, plaintiffs allege that the Callies never transferred the real estate to the LLC, but have instead kept it in their own names, and used it as security for personal loans.

Plaintiffs brought this action against the Callies and Auroresky to recover their losses.  They charge the defendants with fraud, breach of contract, and breach of the duty of good faith and fair dealing, among other claims.  They seek (1) damages, (2) an order removing Ms. Callies as a partner in the partnership and as Manager of the Auroresky LLC, and (3) an order giving plaintiffs control and management of the assets of the partnership and LLC, including the real property.

Auroresky filed a counterclaim alleging that the plaintiffs failed to make payments as promised, and that they convinced other buyers to pull out of their deals with Auroresky.  Auroresky alleges that the Callies conveyed the real estate to Auroresky on February 15, 2006.

Plaintiffs filed a lis pendens on the real property.  The Callies seek to

**Memorandum Decision and Order – Page 2**

expunge the lis pendens on the ground that it was improperly filed and is preventing any sale of the development.

## ANALYSIS

A lis pendens may be filed in an action "affecting the title or the right of possession of real property." *See Idaho Code § 5-505*. In essence, a lis pendens is a warning to the world of the existence of a claim affecting certain real estate. *See Jerry J. Joseph C.L.U. Ins. Associates, Inc. v. Vaught*, 789 P.2d 1146 (Id.App.Ct. 1990). Once the lis pendens is filed, any subsequent purchaser of the real property is deemed by the statute to have constructive notice of the pendency of the action. *Id*.

The Callies allege that this suit does not seek to adjudicate title or possession to real property, and that the lis pendens was therefore improperly filed. The Court disagrees. Plaintiffs claim that the Callies' fraud entitles plaintiffs to take control of the real property. Plaintiffs also seek to dissolve Auroresky, which could also result in plaintiffs having control over the real property, and divesting the Callies of any rights in the property. *See Idaho Code §§ 53-3-803 (general partnerships); 53-644 (Limited Liability Companies)*. A lis pendens puts potential buyers on notice that there is pending litigation that could affect who has the right to transfer the real property.

**Memorandum Decision and Order – Page 3**

In a similar case, the court held that a lis pendens was properly filed in a partnership dissolution case because the plaintiff sought to control the sale of the real property to the exclusion of other partners: "[T]he underlying lawsuit places in question who has the right to transfer the partnership property involved." *Ross v. Breder*, 528 So.2d 64 (Fla. App. 1988). The court concluded that "because the right to transfer the property is at issue, a notice of lis pendens is in order." *Id*. Moreover, "[t]he doctrine of lis pendens was created to hold the subject matter of litigation within the jurisdiction and control of the court during the pendency of an action so that any final relief granted by the court would be at once binding and effective." *Schrammeck v. Federal Savings & Loan Insurance Corp*., 853 P.2d 702, 707 (Mont. 1993).

The reasoning of *Ross* and *Schrammeck*, although not binding on this Court, is persuasive. The lis pendens filed by plaintiffs is fulfilling its statutory purpose. In addition, the Court cannot find that the equities of this case compel expungement. The Court shall therefore deny the motion to expunge the lis pendens. The Court makes this ruling without prejudice to the right of Auroresky to refile the motion if plaintiffs make unreasonable demands as a condition of approving any sale. To this point, however, the Court has not seen any evidence that is the case.

**Memorandum Decision and Order – Page 4**

**ORDER**

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to expunge lis pendens (Docket No. 14) is DENIED.

DATED: **January 10, 2008**



B. LYNN WINMILL
Chief Judge
United States District Court